[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this residential summary process action, the appearing defendant seeks a dismissal of the action on the grounds of a CT Page 5220 defective Notice to Quit. She claims that the reason "Nuisance" set forth in the Notice lacks the requisite specificity. The plaintiff argues 1) the two cases cited by the defendant are distinguishable,[1] and 2) it has complied with C.G.S. §47a-15 by sending a pretermination notice that specifies the type of nuisance. There does not appear to be any precedent on this precise issue.
The Notice to Quit sets forth two reasons for the termination. The first does not pertain to this defendant. The second reason is listed simply as "Nuisance." The plaintiff attached a letter dated to its complaint which purports to be the pretermination notice. That letter included the following language:
 You are in violation of your rental agreement with Don Francoeur. There has been material non-compliance with your rental agreement. The specific charges is that you violated your rental agreement by your conduct and that of your guest which constitutes a serious nuisance (i.e. too much traffic in and out of your apartment, purposely negleting the responsibilities of a tenant, suspicion of prohibited activity, etc.)
 DISCUSSION
Under C.G.S. § 47a-23 a landlord may seek possession of premises when a rental agreement or lease terminates for "nuisance, as defined in section 47a-32". The notice to quit must include the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import. Clearly, this Notice to Quit used the statutory language of (a)(1)(G). See Southland Corporation v. Vernon, 1 Conn. App. 439,452 (1984). Further, the plaintiff has alleged compliance with C.G.S. § 47a-15 in the sending of a pretermination letter advising the defendant of the specific conduct constituting the nuisance.
The seminal case on the sufficiency of notices is JeffersonGarden Associates v. Greene, 202 Conn. 128 (1987). It is to that case we turn to determine if the plaintiff's Notice to Quit is legally insufficient despite its compliance with the language of the statute. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the CT Page 5221 information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." 202 Conn. At 143.
As helpful analogies, several Housing Session cases have addressed the specificity requirement of a notice to quit when the reason is violation of lease or stipulation therein. In these cases, as in non serious nuisance cases, a pretermination notices is mandated under C.G.S. § 47a-15. In McCaffery Estates CondoAss'n. v. McCaffery, Doc. No. CV21-5429 (7/9/92) (J.D. New London), Judge Silbert dismissed the case where the notice to quit stated "termination of lease by express stipulation of lease agreement." In Almagro v. Jackson, H-929 (9/2/90), Judge Berger dismissed the case where the Notice to Quit stated as a reason "violation of Section nine, Subsections (a), (b) and (c)."
As noted by Judge Silbert, "[a]lthough `a landlord should not be precluded from pursuing summary process eviction proceedings because of hyper technical dissection of the wording of the notices that he has sent,' Jefferson Garden Associates, supra, at p. 143, `the tenant must not be forced to guess the actual reasons for the summary process action.'" Bushnell PlazaDevelopment Corporation v. Brett, H-650." McCaffery EstatesCondo. Ass'n v. McCaffery, supra.
It is true that C.G.S. § 47a-23(b) requires the landlord to use the words of the statute or words of similar import in the notice to quit. However, when the reasons are nuisance, serious nuisance, violation of lease or expressed stipulation therein or violation of C.G.S. § 47a-11, that literal compliance with the statute is not sufficient under Jefferson Garden Associatesv. Greene, supra. There must be sufficient information on the Notice to Quit to the defendant to defend the action. Here, the Notice to Quit states simply "Nuisance" as the reason for termination. That word does not inform the defendant as to the actual reasons for the termination. Accordingly, the defendant is left to guess which of the acts set forth in the pretermination notice constitutes the nuisance.
The Notice to Quit is defective, and accordingly the court lacks subject matter jurisdiction.[2] Lampason v. Jacobs,209 Conn. 724, 729 (1989). The Motion to Dismiss is granted.
Alexandra Davis DiPentima, Judge